Barnard, P. J.
The order made by Justice Cullen at special term denying the motion to dismiss the appeal because not taken in time is now controlling. The motion was based upon an allegation that the time had expired, and this point was decided, and there has been no appeal from that order.
The rights of the parties became fixed by that order in respect to that question. The motion to dismiss the appeal is therefore denied. The case shows no error. The sole question upon the trial was whether there was an entire contract under which the plaintiff was employed for a year by the defendants, or if the employment was solely during the pleasure of the parties. The jury have found that there was a hiring for a year, and although the larger number of witnesses testify to facts tending to show that the hiring was not for a year, the case is not one where an appellate court can set aside the verdict as against the evidence. There was the most explicit evidence in favor of the hiring for the term.
The question now sought to be raised under the statute of frauds does not seem to have been presented in the trial court. The case went to the jury upon the sole question of contract for a term or no contract for any given period. It appears that the contract was made on the 3d May, 1884, and the plaintiff testifies that he was given a week to rest, and that lie was to go to work on the 12th May, 1884. The plaintiff’s complaint and the defendants’ answer both admit that the commencement of the term, whatever it was, was the 3d May, 1884. If this was the time, then it follows that a week was taken out at the commencement without salary, but the week so deducted was within the year, and thus the contract was a legal one. The evidence of the discharge is sufficiently explicit to sustain the verdict.
The defendant requested the plaintiff to absent himself and be in readiness to answer a recall, and when asked for an explanation an evasive reason was given to the effect that it was sharp practice to get rid of the contract in an “ off-handed way.” The damages do not exceed the agreed price after the discharge, and that is the measure of damages in the absence of proof that the plaintiff earned anything in other employments or that he refused work that he could obtain.
Judgment affirmed, with costs.
Dykman, J., concurs; Cullen, J., not sitting.